UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JACK P. FARRIS,

        Defendant.

_____/

Case No. 1:02-CR-173-02

Hon. Richard Alan Enslen

**OPINION**

        This matter is before the Court on Defendant Jack P. Farris' Motion to Remit Restitution or Modify Restitution Payments. The Motion has been fully briefed and the Court discerns no reason to hear oral argument. W.D. MICH. LCRR 47.2(d). For the reasons set forth below, the Court will deny Defendant's Motion to Remit Restitution or Modify Restitution Payments.

        Defendant was originally charged, along with Defendant Rachel Shannon Sosebee, with fraud and conspiracy to defraud pharmaceutical manufacturer Pharmacia & Upjohn, Inc. (now a part of Pfizer, Inc.) *via* a bogus order scheme generated through their medical supply company. By virtue of his plea agreement with the Government, Defendant agreed to plead guilty to Misprision of a Felony in exchange for the Government's dismissal of the aforementioned fraud charges. On September 4, 2003, the Court sentenced Defendant to a term of probation of 60 months. The Court further ordered that Defendants Farris and Sosebee pay restitution—jointly and severally—in the amount of $2,300,597.99. Defendant appealed his sentence and the Sixth Circuit Court of Appeals affirmed. *See United States v. Sosebee*, 419 F.3d 451 (6th Cir. 2005). Defendant now seeks to be released of his restitution obligation or in the alternative, to modify the existing amount.

Concerning Defendant's request to be released of his restitution obligation in full, the Court finds it has no authority to do so. The Mandatory Victims Restitution Act ("MVRA") provides in pertinent part that:

> Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c),[1] the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

18 U.S.C. § 3663A. "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *Id.* § 3664(f)(1)(A). Thus, the Court has no authority to release Defendant from his restitution owed obligation.[2]

As for Defendant's request to modify his restitution schedule, "the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.* § 3664(k). Defendant seeks to

---

[1] Defendant's offense—Misprision of a Felony—is the kind of offense designated in 18 U.S.C. § 3663A(c) (the Act covers "any offense committed by fraud or deceit . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss."); *see also id.* § 4.

[2] Defendant's belief that restitution is a term of probation that the Court may revoke is erroneous. *See, e.g., United States v. Hamburger*, 414 F. Supp. 2d 219, 225 (E.D. N.Y. 2006) ("The mandatory restitution order required by the MVRA is a miscellaneous sentencing provision of Chapter 232 that must be imposed, in addition to any other penalty, as part of the defendant's sentence. To characterize a restitution order as a condition of probation ignores its statutory independence."); *see also United States v. Davis*, 306 F.3d 398, 425-26 (6th Cir. 2002). Even if the Court were allowed to release Defendant from his restitution obligation, it would be disinclined to do so. According to Defendant, he has paid only $11,200 in restitution, leaving at least $2,289,397.99 (depending on how much Defendant Sosebee has paid) outstanding. It can hardly be said that Pharmacia & Upjohn, and now derivatively Pfizer, has been compensated for its losses perpetrated by Defendant. Furthermore, if the Court released Defendant Farris from his restitution obligation, whatever amount remained would become Defendant Sosebee's sole responsibility.

modify his restitution schedule because he claims he has suffered a materially adverse change in economic circumstances. As such, it is Defendant's burden to convince this Court by a preponderance of the evidence that his current economic condition warrants modification. *Id.* § 3664(e).

In support of his motion, Defendant makes a variety of claims of financial infirmity. Defendant advises that due to his employer's bankruptcy, he became temporarily uninsured and was obligated to pay for a $20,000 back surgery himself. Defendant also suggests that his employment status as a pharmacist is unstable. Defendant claims this is so because he is considered a relief pharmacist. That is, Defendant relieves the pharmacists-in-charge in three stores when they need time off. Even though Defendant reports he works 40 to 45 hours per week, he still feels he is in danger of becoming laid off. Defendant also attributes his employment uncertainty to potential back problems that may arise from his surgery. In addition, Defendant states that he incurs significant transportation costs because of his 50 mile commute to and from work.[3] Defendant reports that he and his wife's combined retirement savings have been reduced from approximately $550,000 to $224,000, he has virtually no equity left in his home, and their joint net worth has dwindled to $274,500. Finally, Defendant states that his monthly income versus monthly liabilities supports modification of his restitution schedule.

Upon review, it is apparent to the Court that Defendant has fallen well short of demonstrating by a preponderance of the evidence that his economic circumstances warrant modification of his restitution schedule. First, Defendant reports that he has a net monthly income of approximately

---

[3] The Court has not considered Defendant's transportation costs as a basis for restitution modification. This expense is unnecessary in that nothing requires him to live 50 miles from his place of employment.

$8,635 and monthly expenses of $8,502 (including his $350 monthly restitution payment), leaving only $133 in discretionary spending.[4] Consequently, Defendant has not demonstrated that he cannot meet his monthly restitution obligation as he has a positive monthly cash flow (while making the $350 monthly restitution payments), not to mention a joint net worth of $274,500.  Furthermore, Defendant has not specifically accounted for the reported $8,502 in monthly expenses.  The Court is left to speculate as to that figure's accuracy and the necessity of certain monthly outlays. Defendant cannot seriously expect to live the same lifestyle he had before this offense given the amount of restitution ordered.  Difficult spending choices will have to be made, and Defendant will simply have to do without some expenditures he has grown accustomed to making.

Second, Defendant's claim to be saddled with the entire 2.3 million restitution obligation heading into his retirement years is not exactly accurate.  As the Court's Judgment made clear, Defendants Farris *and* Sosebee are jointly and severally liable for that obligation.  Although it is true that Defendant Farris could become liable for the entire amount, that has not happened.  Third, Defendant's claimed dire financial straits (absent his $20,000 back surgery) are all contingent upon events that have not occurred.  Defendant has neither lost his employment nor his pharmacist license as he feared and remains gainfully employed earning a sizable income.  Defendant's average reported income over the last nine years (spanning five years pre-offense and four years post-offense) was $124,574.78.  Finally, Defendant's diminution of his retirement savings, loss of equity in his home, and overall diminished wealth do not support a modification.  While it appears Defendant may not

---

[4] While it is unclear from Defendant's affidavit, the Court will presume these figures are on a reoccurring monthly basis as they are consistent with the monthly figures listed in his Presentence Report.

enjoy as lengthy or as comfortable a retirement as he had hoped for, that is an inescapable consequence of his criminal behavior of which this Court will offer no recourse.

In summation, the Court is simply unconvinced that such a highly educated (and highly employable) individual like Defendant lacks the financial wherewithal and budgetary acumen to reserve a place in his checkbook for a $350 monthly restitution obligation.  The Court is similarly unpersuaded that restitution in this matter unduly burdens an individual earning wages well over three times the national average.[5]  Therefore, the Court will deny Defendant Jack P. Farris' Motion to Remit Restitution or Modify Restitution Payments.  An Order consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>         July 17, 2006 |  /s/ Richard Alan Enslen  <br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[5] According to the United States Department of Labor's Bureau of Labor Statistics, the median weekly income for full-time American workers in 2005 was $651.  *See* United States Department of Labor Bureau of Labor Statistics, Household Data Annual Averages, *available at* www.bls.gov/cps.