UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JACK P. FARRIS,

        Defendant.

_____/

Case No. 1:02-CR-173-02

Hon. Richard Alan Enslen

**ORDER**

        This matter is before the Court on Defendant's Response Regarding Applications for Writs of Garnishment. The Court construes the Response as a motion for a hearing, a motion to quash the garnishments, and a motion for an extension of time.

        Defendant has responded to the Government's multiple applications for writs of garnishment asking for an extension of time for the reason of securing new counsel. Under Local Rule 7.1(c), the Court, in its discretion, may shorten or enlarge any time limit established by these rules. W.D. MICH. LCIVR 7.1(c). The Court having been advised of the premises will deny the request.

        Defendant has also requested a hearing in his Response and sets forth the reasons the writs of garnishment should be quashed. Defendant states his checking account should not be garnished because he must pay bills. He argues his insurance account should remain untouched so that he may continue repairs on his house. Defendant also states his retirement account should not be garnished because he is relying on it for retirement. Finally, he claims an A.G. Edwards account should not be garnished because he had designated the funds to pay for attorney fees. Pursuant to 28 U.S.C. § 3202, a hearing on writs of garnishment may be requested. However, the issues to be raised at such a hearing are limited to:

    (1) the probable validity of any claim of exemption by the judgment debtor;
    (2) compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
    (3) if the judgment is by default and only to the extent that the constitution or another law of the United States provides a right to a hearing on the issue, to –
        (A) the probable validity of the claim for the debt which is merged in the judgment; and
        (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).  Defendant has not stated or even implicated any of the above issues.  For that reason a hearing is unnecessary.  *See also* W.D. MICH. LCIVR 7.3(d) (permitting disposition of motions without oral argument in the discretion of the court).  Defendant's Motion to Quash the Garnishments is also without merit under the statute.

    **THEREFORE, IT IS HEREBY ORDERED** that Defendant Jack P. Farris' Response Regarding Applications for Writs of Garnishment (Dkt. No. 119) is **DENIED**.

Dated in Kalamazoo, MI:                              /s/Richard Alan Enslen
November 3, 2006                                  Richard Alan Enslen
                                                        Senior United States District Judge